Opinion by
Mr. Justice Hall.
We will refer to the plaintiff in error as Pueblo and to the defendant in error as Montez.
On January 15, 1958, Montez was found guilty in the Municipal Court of Pueblo of violating certain ordinances of Pueblo, and a fine imposed upon him in the penal sum of $175.00.
Upon pronouncement of the judgment Montez advised the municipal judge that he intended to take an appeal. Within five days he delivered to the judge a written notice of appeal (possibly three, though not proven), submitted to him an appeal bond on which the judge endorsed his approval, and paid to him $1.50, the statutory fee for filing and approving the appeal bond and preparing the transcript of record on appeal.
Within the time prescribed by statute he paid to the clerk of the county court the required docket fee, and the case was docketed in that court as “No. 44,177, City of Pueblo vs. Tom A. Montez.” No transcript was ever delivered to the county court.
No further steps were taken in either court until November 2, 1960, at which time the county court entered an order in Case No. 44,177, directing the parties to show cause within thirty days why “the above entitled action should not be dismissed” under the provisions of Court Rule No. 7 dealing with lack of prosecution. Copies of this order were served on counsel for the parties. Neither took any action.
On December 8, 1960, the county court entered its order:
*571 “Thirty days having elapsed and no good cause being shown it is ordered that the above entitled case be and it is hereby dismissed.
Hubert Glover, Judge.”
On September 11, 1961, the then municipal judge (not the one who imposed the fine) issued a warrant for the arrest of Montez because of his failure to pay the judgment of $175.00 entered against him.
Pursuant to this warrant, Montez was, on September 22, 1961, arrested and confined in the Pueblo city jail.
On September 25, 1961, Montez filed his petition for a writ of habeas corpus, alleging that his restraint was illegal. With his petition he tendered to the district court the sum of $175.00 for such disposition as the court might determine. The petition was granted, the writ issued and after hearing on September 29, 1961, the writ was made permanent and Montez discharged from custody.
Pueblo is here by writ of error seeking reversal.
The trial court found that Montez had properly perfected an appeal of his conviction and that the county court had acquired jurisdiction, and that the order of that court that “the above entitled case be and it is hereby dismissed” had the effect of an adjudication that Montez was not guilty of the offenses charged.
We conclude that the imprisonment of Montez, Under the circumstances disclosed by the record before us was without warrant or authority, and this is true whether the appeal had or had not been perfected, and whether the dismissal was of the “case” or the “appeal.”
The judgment against Montez was a money judgment — he received no jail sentence.
Pueblo, in justification of the subsequent arrest and imprisonment of Montez, relies entirely on authority found in Ordinance No. 3407, section 21-4, adopted April 8, 1957. The pertinent portion of this ordinance reads as follows:
“Any person convicted against whom a fine or penalty shall be assessed under the ordinances of the City of *572 Puéblo who shall fail or refuse to pay the Same when demanded shall be committed in default thereof to the City Jail under the care and custody of the Chief of Police until such penalty or finé is fully paid and satisfied. * * * . (Emphasis supplied.) • 1
Here we have a penal ordinance providing for commitment to the city jail.
Such an ordinance,.highly penal, must be strictly construed to the end that no one be deprived of his liberty except in strict conformity with the ordinance.
It may be that Montez failed and refused to pay the fine. However, careful search of the record before us fails to disclose any proof that Pueblo, the municipal judge, the city attorney, chief of police, or anyone acting in their behalf, ever made a direct, indirect, expressed or implied demand on Montez or his attorney to pay the fine imposed.
This ordinance provides for drastic measures for collecting a money judgment — a fine. The ordinance properly provides that before going to jail the judgment debtor should be warned — demand must be made so that he can make his election to pay or go to jail. Montez was given no such choice. A demand was a prerequisite to his commitment. Without a demand followed by a failure or refusal any order of commitment was void.
Pueblo cannot disregard the plain provisions of its ordinances or disregard a very essential prerequisite to a legal commitment, a “demand” for payment of the fine.
Montez does not appear here, so we have the briefs of Pueblo only. In resolving this case on the basis above indicated, it is not to be understood that we are in disagreement with the reasoning of the trial court in discharging the petitioner on other grounds.
The judgment is affirmed.